# EXHIBIT 3



Bradley S. Dion

*Account Executive*
*Special Liability Group, Baltimore*

**(443) 353-1333**
**(443) 353-1311  (fax)**
**BDION@travelers.com**

111 Schilling Rd.
Hunt Valley, MD 21031

<u>SENT VIA EMAIL– RECEIPT ACKNOWLEDGEMENT REQUESTED</u>

July 1, 2020

Mr. Bryan Clelland
Global Sourcing, Logistics, Risk Management
Washington Penn Plastic
450 Racetract Rd
Washington, PA 15301
clelland@washpenn.com

|  |  |  |
|---|---|---|
| **RE:** | **Policyholder:** | **Washington Penn Plastic** |
|  | **Lawsuit:** | <u>**Daniel Rugg and Sandra Rugg, his wife vs ABB Inc., et al. (including Washington Penn Plastic Co., Inc., Washington Plastics Company, Penn Plastics Company, Penn-Plastics Corporation, and Penn-Plastics Manufacturing Company.)**</u>**; Court of Common Pleas of Philadelphia County, PA;** |
|  | **Claim No.:** | **FDG8061** |

Dear Mr. Clelland,

As a member of the Strategic Resolution Group, I have been evaluating the above captioned lawsuit ("Lawsuit") in conjunction with policies issued by Charter Oak Fire Insurance Company, The Travelers Indemnity Company, Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois, Farmington Casualty Company, Phoenix Insurance Company (collectively "Travelers") and the St. Paul Fire & Marine Insurance Company ("St. Paul") under a complete reservation of rights to determine the extent, if any, of our obligation to Washington Penn Plastic Co., Inc. ("WPP").  Based upon our review we have determined that no coverage for the Lawsuit exists for the reasons set forth below.

According to the Lawsuit Mr. Daniel Rugg was allegedly exposed to asbestos and asbestos containing products during the course of his employment including with WPP from 1986 to 2008. As a result of his alleged exposure Mr. Rugg was diagnosed with mesothelioma on or around April 24, 2019.  Per Ryan Christy's email of March 20, 2020, WPP has confirmed Mr. Rugg was an employee of the company from July of 1986 to May of 2015.

Based upon information provided by WPP's Corporate Counsel, Ryan Christie, it is our understanding that WPP was incorporated on 7/23/1965.  In 1988, WPP merged with V-Bat Plastic Processing Corp with WPP as the surviving entity.  Subsequently in 2010, WPP Merged with WPP International Holdings, Inc. with WPP as the surviving entity. It is also our understanding that Audia International, Inc. is the current parent company of WPP and that WPP has not conducted business as any of the other similarly named defendants (Washington Plastics Company, Penn Plastics Company, Penn-Plastics Corporation, and Penn-Plastics Manufacturing Company).  If our understanding of any of this information is incorrect please let me know immediately and provide me with the relevant corporate transactional documents.

Page 2

We have identified the following Workers Compensation and Employers Liability policies (the "Employers Liability Policies") issued by Travelers to WPP and/or Audia International, Inc.:

| Policy Number | Policy Period | Named Insured |
|---|---|---|
| UB-874K2773 | 1/1/97-1/1/98 | Washington Penn Plastics Co. |
| UB-874K2773 | 1/1/98-1/1/99 | Washington Penn Plastics Co. |
| UB-874K2773 | 1/1/99-1/1/00 | Washington Penn Plastics Co. |
| UB-874K2773 | 1/1/00-1/1/01 | Washington Penn Plastics Co. |
| UB-1373N130 | 1/1/09-1/1/10 | Washington Penn Plastic Co. |
| UB-1373N130 | 1/1/10-1/1/11 | Washington Penn Plastic Co. |
| UB-1373N130 | 1/1/11-1/1/12 | Washington Penn Plastic Co. |
| UB-3F291625 | 1/1/15-1/1/16 | Audia International, Inc. |
| UB-3F291625 | 1/1/16-1/1/17 | Audia International, Inc. |
| UB-3F291625 | 1/1/17-1/1/18 | Audia International, Inc. |
| UB-8J898785 | 1/1/18-1/1/19 | Audia International, Inc. |
| UB-9J123455 | 1/1/18-1/1/19 | Audia International, Inc. |
| UB-8J898785 | 1/1/19-1/1/20 | Audia International, Inc. |
| UB-9J123455 | 1/1/19-1/1/20 | Audia International, Inc. |

Please be advised, only one Employer Liability Policy would potentially apply to the plaintiff's allegations of "bodily injury by disease." That is the policy in effect on the last day of last exposure, in the employment of WPP, to conditions causing or aggravating the "bodily injury by disease." According to the Lawsuit Mr. Rugg was exposed to asbestos while working for WPP "from 1986 *until* 2008" (emphasis added), indicating that the last possible day would've been 12/3/12007. None of the Employer Liability Policies were in effect on the plaintiff's alleged last day of last exposure while in the employment of WPP and, as such, they will not respond to the Lawsuit. If you have not already done so, we recommend that you immediately notify the Workers Compensation/Employer Liability carrier that issued a policy in effect in 2007. Should additional information be developed that indicates the plaintiff's last day of last exposure to asbestos was in fact during the effective dates of any of the Employer Liability Policies listed above, please provide that information to us immediately for further evaluation. In the meantime, Travelers fully reserves all of its rights and defenses under the Employer Liability Policies.

Additionally, in light of the broad products liability and premises liability allegations in the Lawsuit, we have also reviewed the following general liability policies of insurance issued by Travelers to WPP (the "General Liability Policies"):

| Policy Number | Policy Period |
|---|---|
| 630-875K9602 | 1/1/97-1/1/98 |
| 660-875K9602 | 1/1/98-1/1/99 |
| 660-875K9602 | 1/1/99-1/1/00 |
| 660-875K9602 | 1/1/00-1/1/01 |
| 630-526D1987 | 1/1/02-1/1/03 |
| 630-9173M721 | 1/1/09-1/1/10 |
| 630-9173M721 | 1/1/10-1/1/11 |

| 630-9173M721 | 1/1/11-1/1/12 |
|---|---|
| 630-3F240883 | 1/1/15-1/1/16 |
| 630-3F240883 | 1/1/16-1/1/17 |
| 630-3F240883 | 1/1/17-1/1/18 |
| 660-3F240883 | 1/1/18-1/1/19 |
| 660-3F240883 | 1/1/19-1/1/20 |

Please be advised, the General Liability Policies contain endorsement CG T4 78 02 90 **EXCLUSION – ASBESTOS** which states in relevant part:

> This insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of the actual or alleged presence or actual, alleged or threatened dispersal of asbestos, asbestos fibers or products containing asbestos, provided that the injury or damage is caused or contributed to by the hazardous properties of asbestos. This includes:
>
> > a.  Any supervision, instructions, recommendations, warnings or advice given or which should have been given in connection with the above; and
> >
> > b.  Any obligation to share damages with or repay someone else who must pay damages because of such injury or damage.

The Lawsuit alleges that Mr. Rugg developed mesothelioma as a result of exposure to asbestos.  As such, the above referenced exclusion precludes coverage for the Lawsuit under the General Liability Policies.

The General Liability Polices also all contain the following exclusionary language:

> **2.   Exclusions**
>
> This insurance does not apply to:
>
> ***
>
> **e.   Employer's Liability**
>
> "Bodily injury" to:
>
> **(1)** An "employee" of the insured arising out of and in the course of:
>
> > **(a)** Employment by the insured; or
> >
> > **(b)** Performing duties related to the conduct of the insured's business; or
>
> **(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

Page 4

Mr. Rugg alleges he was injured while in the course of his employment with WPP. As such the above cited language would apply to further preclude coverage for the Lawsuit under the General Liability Policies.

I have also reviewed the following Commercial Umbrella/Excess Liability Policies and Excess Liability Policies (the "Umbrella and Excess Policies"), issued by Travelers and St. Paul to WPP and/or Audia International, Inc.:

| Policy Number | Policy Period | Named Insured |
|---|---|---|
| CUP-875K9626 | 1/1/97-1/1/98 | Washington Penn Plastics Co. |
| CUP-875K9626 | 1/1/98-1/1/99 | Washington Penn Plastics Co. |
| CUP-875K9626 | 1/1/99-1/1/00 | Washington Penn Plastics Co. |
| CUP-875K9626 | 1/1/00-1/1/01 | Washington Penn Plastics Co. |
| CUP-202D5580 | 1/1/09-1/1/10 | Washington Penn Plastic Co. |
| CUP-202D5580 | 1/1/10-1/1/11 | Washington Penn Plastic Co. |
| CUP-202D5580 | 1/1/11-1/1/12 | Washington Penn Plastic Co. |
| ZUP-14T80849-13-NF | 1/1/13-1/1/14 | Washington Penn Plastic Co. |
| CUP-202D2239 | 1/1/19-1/1/20 | Audia International, Inc. |

Subject to their terms and conditions, the Umbrella and Excess Policies would not potentially apply to this matter until the underlying limits of liability have been property exhausted or unless the Umbrella Policies provide coverage when the underlying policies do not. However, please note the Umbrella and Excess Policies contain functionally similar exclusionary language with regards to Asbestos. As such, coverage is also excluded for the Lawsuit under the Umbrella and Excess Policies.

This correspondence is not intended to be, nor shall it be construed as an exhaustive listing of policy terms, conditions or exclusions that might preclude coverage for this matter under the Employer Liability Policies, the General Liability Policies and/or the Umbrella and Excess Policies. We reserve the right to supplement or amend this correspondence should further facts or circumstances develop which indicate the applicability of additional grounds to deny coverage for this matter.

If you are aware of any additional facts we should consider or should you have any questions or wish to discuss this letter further please do not hesitate to contact me at (443) 353-1333.

Sincerely,

Bradley Dion
Account Executive
Strategic Resolution Group

Page 5

Cc (via email):

Ryan Christy
Senior Corporate Counsel
Audia Group
Ryan.christy@audiagroup.com

Mr. Michael Schmid
Senior Consultant CL
Assured Partners TJS Insurance Group
mschmid@tjsins.com