**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WASHINGTON PENN PLASTIC CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> THE PHOENIX INSURANCE COMPANY and TRAVELERS PROPERTY CASUALTY COMPANY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 2:23-cv-1198-RJC |

**MEMORANDUM ORDER OF COURT**

Robert J. Colville, United States District Judge

Before the Court is the Motion to Compel Discovery (ECF No. 36) filed by Plaintiff Washington Penn Plastic Co., Inc. ("WPP"). WPP moves for an order directing Defendants the Phoenix Insurance Company and Travelers Property Casualty Company (collectively, "Travelers") to supplement their responses to certain discovery requests. Travelers has filed a Response (ECF No. 39), and WPP has filed a Brief in Support (ECF No. 37) and a Reply (ECF No. 40). The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a). The Motion to Compel has been fully briefed and is ripe for disposition.

1

## I.     Background

This is a breach of contract and bad faith action, in which WPP seeks damages under both a Workers Compensation/Employers Liability policy issued by Travelers, as well as a series of excess/umbrella policies issued to WPP by Travelers. This case involves WPP's claim for coverage with respect to the defense and $3 million settlement of an underlying action filed by former WPP employee Daniel Rugg involving mesothelioma allegedly caused by workplace exposure to asbestos/asbestos-containing products at the WPP facility.

## II.    Legal Standard

With respect to discovery in a civil case generally, Federal Rule of Civil Procedure 26 provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial so long as the discovery request is reasonably calculated to lead to the discovery of admissible evidence. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978). As to limitations on discovery, Rule 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).  "Although the federal courts have adopted liberal discovery rules, district courts, nevertheless, are empowered with 'broad discretion to manage discovery.'" *Thompson v. Glenmede Tr. Co.*, No. CIV. A. 92-5233, 1995 WL 752422, at *2 (E.D. Pa. Dec. 19, 1995) (quoting *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995).

After a party "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," that party may, "on notice to other parties and all affected persons," move for an order compelling disclosure or discovery.  Fed. R. Civ. P. 37(a)(1).  If a motion to compel is granted, subject to certain exceptions, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  If the motion is denied, the court may "issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(B).  "If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C).

## III.   Discussion

By way of its Motion to Compel, WPP seeks supplemental responses from Travelers to WPP's discovery requests, including documents such as "claims manuals, guidelines, trainings[,] or procedures that WPP specifically requested in numerous interrogatories and requests for

production" and that Travelers has purportedly withheld from production.  Mot. ¶¶ 11-13; 21, ECF No. 36.  More specifically, WPP seeks the following information, which it asserts are commonly sought in breach of contract and bad faith insurance coverage cases:

- Policies, manuals, procedures, communications, and other documents that Travelers uses for:

    - determining the last date of exposure for an occupational disease claim;

    - evaluating claims for employer liability for occupational disease in states that allow such claims;

    - how to handle claims under Part Two of the Employer Liability Policy; and

    - how to handle employer liability for occupational disease claims in Pennsylvania after the *Tooey* decision.

- Information on how Travelers has handled other employer liability claims for occupational exposure and lawsuit[s] like this one.

- Documents regarding the decision to deny coverage and not participate in trial, and all facts considered in those decisions.

- Industry standards utilized to handle employer liability for occupational exposure claims.

Br. in Supp. 1-2, ECF No. 37.

WPP further seeks updated responses to its interrogatories where Travelers has responded as follows: "[s]ubject to and without waiving this objection, Travelers refers to and relies upon those documents produced in response to the requests for production."  *Id.* at 6.  WPP takes issue with the generality of this statement, as Travelers fails to identify any specific document by title or bates number in responding to the interrogatories, and otherwise fails to reference the specific request for production to which "those documents" were responsive.  Travelers has also provided similarly vague responses to Requests for Production 3, 10, 12, and 14-16.  Finally, WPP takes

issue with Travelers's assertions of privilege, and requests that the Court either compel the production of three documents that have been withheld or redacted (TRV00051, TRV00057, and TRV00281), or otherwise require Travelers to provide an updated privilege log containing the information required to allow WPP to evaluate the claims of privilege. *Id.* at 7-8.

Travelers opposes the Motion to Compel on several fronts, arguing, among other things, that WPP has not established the relevance of the information it seeks, that certain responsive documents simply do not exist, and that Travelers's privilege log, objections, and responses put WPP on sufficient notice of Travelers's basis for withholding a document. It has also objected to the requests at issue on the basis of the attorney-client privilege, the work product doctrine, proportionality, confidentiality, and reliance on what WPP describes as unspecific, standard, and boilerplate objections.

Generally speaking, and as the Court noted during the status conference in this matter, the Court believes that much of what is at issue in WPP's Motion to Compel could be resolved if the parties engaged in a genuine meet and confer session. In particular, the fact that Travelers has now asserted the non-existence of certain documents in its briefing as opposed to its responses, and the fact that WPP would not have elected to pursue certain documents via its Motion to Compel had Travelers simply informed WPP that an attorney was involved in the preparation of those documents, are facts that indicate, at least to the Court, that further discussion between the parties may be warranted and productive. The Court would encourage the same once the parties have had an opportunity to review this Memorandum Order.

With respect to the first category of discovery requests, that is, requests involving manuals, guidelines, and policies relevant to Travelers's evaluation of occupational disease and employer liability claims, the specific requests at issue are Interrogatories 3 and 5 and Requests for

Production 4-6, 8, and 9.  These requests seek relevant information, are reasonably calculated to lead to the discovery of admissible evidence, and are proportional to the needs of the case.  *See McCrink v. Peoples Benefit Life Ins. Co.*, No. CIV.A.2:04CV01068LDD, 2004 WL 2743420, at *8 (E.D. Pa. Nov. 29, 2004) ("However, it is well-settled that manuals and other training materials are relevant in bad faith insurance litigation where they contain instructions concerning procedures used by employees in processing claims." (emphasis added)).

The Court is unpersuaded by Travelers's argument that these types of documents are not discoverable where the individual insurance claim professional who handled an insured's specific claim is unaware of manuals or policies or did not utilize a manual or guideline in resolving the insured's claim.  As Plaintiff argues, such documents are relevant in the context of bad faith.  *See McCrink*, 2004 WL 2743420, at *8 ("Only those portions '*relevant to* processing the claim in question' are discoverable, as they may show inter alia that agents of an insurance company *recklessly disregarded standard interpretations of a particular contractual provision* in denying coverage or deliberately omitted certain investigatory steps. (emphasis added)); *see also Robertson v. Allstate Ins. Co.*, No. CIV. A. 98-4909, 1999 WL 179754, at *6 (E.D. Pa. Mar. 10, 1999) ("This court has determined that information contained in the manuals is relevant because it contains instructions concerning procedures used by Allstate employees in handling UIM claims *such as plaintiff's claim*." (emphasis added)); *Pastin v. Allstate Ins. Co.*, No. 2:17CV1503, 2018 WL 10229727, at *3 (W.D. Pa. Sept. 18, 2018) ("Courts in this Circuit have determined that *information contained in such manuals is relevant because the manuals contain instructions concerning procedures* used by insurance company employees in handling UIM claims, *like Plaintiffs' claims herein*." (emphasis added)).  Travelers's objections on the basis of burden and

relevance are overruled. Travelers shall respond to these discovery requests by producing any responsive, non-privileged materials.

In complying with this Memorandum Order, if a document does not exist or Travelers believes that it has produced all responsive information in its possession, Travelers shall so specify in its supplemental responses. The Court would caution against the use of clever wording or over-specificity in denying the existence of documents, i.e., just because WPP failed to perfectly word the title of the document does not establish the non-existence of a responsive document. The Court directs the parties to use their common sense as they reengage in the discovery process and implores the parties to work collaboratively as discovery moves forward.

As to the second category of discovery requests, it strikes the Court as reasonable that, where Travelers has responded that, notwithstanding its objections, Travelers relies on its other document production, Travelers should identify the document(s) to which the response refers. Rule 31(d) directs that a party that relies on its business records in responding to discovery should specify "the records that must be reviewed, *in sufficient detail* to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1) (emphasis added). While the Court acknowledges Travelers's assertion that it has also provided objections to these discovery requests, it has, nonetheless, responded notwithstanding those objections. All that the current Motion seeks with respect to these discovery requests is a more specific reference to the documents to which Travelers refers in its responses. Travelers is hereby directed to review its responses to the discovery requests at issue on page 6 of the Motion to Compel, and to supplement its responses accordingly. Following Travelers's production consistent with this Memorandum Order, the parties are again encouraged to meet and confer to ascertain whether further supplementation is appropriate or necessary. That said, WPP has leave

to renew its Motion to Compel should it believe Travelers's eventual supplemental responses are insufficient.

With respect to assertions of privilege, the Court notes that "[t]he attorney-client privilege protects communications between attorneys and clients from compelled disclosure[,]" and "[i]t applies to any communication that satisfies the following elements: it must be '(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client.'" *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 359 (3d Cir. 2007), *as amended* (Oct. 12, 2007) (quoting Restatement (Third) of the Law Governing Lawyers § 68 (2000)). "'Privileged persons include the client, the attorney(s), and any of their agents that help facilitate attorney-client communications or the legal representation.'" *Id*. The attorney-client privilege "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *In re Domestic Drywall Antitrust Litig.*, No. 13-MD-2437, 2014 WL 5090032, at *2 (E.D. Pa. Oct. 9, 2014) (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)). The privilege protects only legal advice, not situations where the lawyer provides non-legal business advice. *Id*. The party asserting the privilege bears the burden of proving that the privilege applies. *Id*.

The work-product doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000) (quoting *In re Grand Jury (Impounded)*, 138 F.3d 978, 981 (3d Cir. 1998)). Courts in the Third Circuit apply a two-part test in determining whether the work-product doctrine applies: (1) whether litigation could reasonably have been anticipated; and (2) whether the documents were prepared primarily for the purpose of litigation. *Crawford v. Corizon Health, Inc.*, No. CV 17-113, 2018 WL 3361147, at *2 (W.D. Pa.

8

July 10, 2018) (citing *In re Gabapentin Patent Litig.*, 214 F.R.D. 178, 183 (D.N.J. 2003); *Louisiana Mun. Police Employees Ret. Sys. v. Sealed Air Corp.*, 253 F.R.D. 300, 306–07 (D.N.J. 2008)). "Documents created in the ordinary course of business, even if useful in subsequent litigation, are not protected by the work-product doctrine." *Id.* (quoting *United States v. Rockwell Int'l*, 897 F.2d 1255, 1265-66 (3d Cir. 1990)).

For obvious reasons, the current record is insufficient for this Court to resolve privilege or work product objections, as the Court does not currently possess unredacted copies of the documents at issue. Accordingly, the Court will first require Travelers to provide a more detailed privilege log, a form of relief both parties have at least tacitly acknowledged was a possibility. If WPP remains unsatisfied with Travelers's responses following review of the updated responses and the updated privilege log, WPP may renew its Motion to Compel, and the Court will entertain any requests made by way of the renewed motion and will conduct an in-camera review of any purportedly privileged documents at that time, if determined by the Court to be necessary. The Court again encourages the parties, to the extent possible, to work collaboratively in attempting to resolve their discovery disputes. Because the issue of privilege remains outstanding, the Court will not award costs at this time, though it notes that it will, as the Rules require, certainly entertain requests for the same in the event that further motion practice proves necessary.

### IV.   Conclusion

For the reasons discussed above, the Court hereby grants WPP's Motion to Compel, as discussed herein. Travelers is hereby ordered to review its responses to each of the interrogatories and requests for production at issue in the Motion to Compel and supplement its responses consistent with this Memorandum Order. It shall also provide an updated privilege log. The supplemental responses and updated privilege log shall be produced within three weeks of today's

date.   Following review of the updated production, WPP has leave to renew its Motion, if it believes the same is warranted.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: June 6, 2024

cc: All counsel of record